# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONTAIVIOUS HUBERT<br>6924 Clinton Road<br>Upper Darby, PA 19082<br><br>       Plaintiff,<br><br>v.<br><br>U.S. FACILITIES, INC.<br>30 North 41st Street, Ste. 400<br>Philadelphia, PA 19104<br>    And<br>CBRE GROUP, INC.<br>50 South 16th Street, Ste. 3000<br>Philadelphia, PA19102<br><br>       Defendant. | CIVIL ACTION<br><br>NO.: _____<br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Dontaivious Hubert (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) by and through his undersigned counsel, hereby avers as follows:

### INTRODUCTION

1. Plaintiff has initiated this action to redress violations by U.S. Facilities, Inc. and CBRE Group, Inc. (*hereinafter* referred to as "Defendants") of Title VII of the Civil Rights Act of 1964 ("Title VII" - 42 U.S.C. §§ 2000e, *et. seq*.), Section 1981 of the Civil Rights Act of 1866 ("Section 1981" – 42 U.S.C. § 1981), and the Pennsylvania Human Relations Act ("PHRA").[1] As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff's claims under the PHRA are referenced herein for notice purposes. Plaintiff will move to amend his instant lawsuit to include claims under the PHRA once his administrative remedies are fully exhausted with the appropriate administrative agency. These claims will identically mirror Plaintiff's federal claims already filed herein.

## JURISDICTION AND VENUE

2. This Court may properly maintain jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co v. State of Washington*, 326 U.S. 310 (1945), and its progeny.

3. This action is initiated pursuant to a federal law. The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States. This Court has supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same circumstances and are based upon a common nucleus of operative fact.

4. Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendants reside in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

5. The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

6. Plaintiff is an adult who resides at the above-captioned address.

7. Defendant U.S. Facilities, Inc. ("Defendant USF" when referred to individually) is a facilities management and infrastructure support services company headquartered at the above-captioned address.

8. Defendant CBRE Group, Inc. ("Defendant CBRE" when referred to individually) is a company that provides comprehensive real estate solutions to property owners, investors, and occupiers throughout the United States, including out of the above-captioned address.

9. Upon information and belief, because of their interrelation of operations, common ownership or management, centralized control of labor relations, common financial controls, and other factors, Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership and management that they may be treated as a single and/or joint employer for purposes of the instant action.

10. Specifically, while Plaintiff was a direct employee of Defendant USF and was paid by Defendant USF, Defendant USF was subcontracted through Defendant CBRE to perform various construction work at the same work site as Defendant CBRE. While working at this site, Plaintiff was directly supervised, managed, and directed at all times by supervisors and management of Defendant CBRE who controlled the terms and conditions of Plaintiff's employment. By way of example, Defendant CBRE also was able to assign Plaintiff work, direct all aspects of Plaintiff's job performance and duties, and Defendant CBRE was able to control who Defendant USF placed or removed from work at their site. Plaintiff was further required to follow Defendant CBRE's rules, policies and guidelines.

11. At all times relevant herein, Defendants acted through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FACTUAL BACKGROUND

9. The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

10. Plaintiff is an African American male.

11. Plaintiff was employed by Defendants for more than one year as a Building Engineer, working at a site in King of Prussia, PA, from on or about March 17, 2020 until his unlawful termination in or about April 2021 (as discussed *infra*).

12. During his employment, Plaintiff was supervised by employees of Defendant USF, John Pilat (Manager and Chief Engineer of USF)(Caucasian) and Andrew Johnson (a supervisor under Pilat), as well as employees of Defendant CBRE, Darryl Fleischmann (a lead)(Caucasian) and Paul Ruane (Sr. Real Estate Manager)(Caucasian).

13. Plaintiff was a hard-working employee who performed his job well, received positive performance evaluations, and did not receive any disciplinary action.

14. Plaintiff also generally maintained very good relationships with colleagues, who found him to be very professional and technically good at his job and related duties.

15. Unfortunately, Fleischmann, who supervised Plaintiff, assigned and directed his work, and interacted with him on a consistent basis, acted in an overtly racist and highly unprofessional manner towards Plaintiff throughout his tenure with Defendants.

16. By way of example, Fleischmann would show Plaintiff unsolicited pictures and videos of his genitals and other sexual content, which Plaintiff objected to.

17. Fleischmann also often made racial comments and jokes in the workplace, openly in front of employees.

18. Fleischmann further treated and spoke of Plaintiff and African American employees (including but not limited to Brandon Kennedy) in a highly demeaning manner and attempted to have such employees disciplined, terminated, or at a minimum, suffer an uncomfortable working environment, all in a manner disparately from Caucasian employees.

19. By way of example, Fleischmann:

    a. Consistently spoke critically of African American employees, including but not limited to Plaintiff, without cause or justification;

b. Would claim that African American employees, including but not limited to Plaintiff, were "unqualified" to work for Defendants without support or reason; and

c. Would lie about African American employees' overall work performance, conduct, and knowledge, such as indicating they had not performed certain work that had been executed, asserting that they had acted inappropriately when such incidents had never actually occurred, and would even grant permission for such employees to take off on certain days and then claim that such permission had never been granted.

20. Toward the end of Plaintiff's employment, Plaintiff approached Fleischmann regarding his aforementioned discriminatory and disparate conduct, requesting that he refrain from speaking with Plaintiff or perpetuating lies against him, or he would escalate those concerns to members of higher management.

21. Unfortunately, on another occasion in which Fleischmann knowingly made false claims toward Plaintiff in an attempt to have him fired, he attempted to wrongfully assert that Plaintiff had committed a federal crime by downloading a copyrighted movie at work, suggesting to his management that action(s) be taken against Plaintiff.

22. There was no evidence that Plaintiff had any involvement with copyrighted movies being downloaded at work, but instead, the action had been taken by a security guard on site (unaffiliated with Defendants), which Fleischmann was specifically apprised of by one of Plaintiff's coworkers, Steve Knapstein (Caucasian), prior to bringing to the same being to the attention of management. Nevertheless, Fleischmann persisted with his false claims against Plaintiff.

23. As Fleischmann continued to treat Plaintiff in a discriminatory manner, including making knowingly false statements about him to management, Plaintiff escalated his concerns of racism and sexual harassment internally.

24. By March 27, 2021 (and then again on a continuing basis), Plaintiff had expressed concerns of racism to Pilat (and other management) by Ruane and Fleischmann (as Ruane was ratifying and acquiescing to Fleischmann's misconduct).

25. Upon information and belief, Defendants failed to investigate Plaintiff's complaints of discrimination, and failed to even question Plaintiff or his coworkers about the racism and mistreatment he had endured.

26. Instead, within approximately 48 hours of Plaintiff's most recent complaints of discrimination, Plaintiff was removed from work, not permitted to return, and he was ultimately informed in April of 2021 that he was being "laid off."

27. Defendants' reason for terminating Plaintiff, however, is entirely pretextual, as in addition to the above (including exceedingly close proximity in timing), there was no need for a layoff within Defendants, as Defendants had job postings for Plaintiff's position at the time of Plaintiff's separation and actively searched for employees to fill Plaintiff's role following his separation.

28. Moreover, following Plaintiff's termination, Fleischmann openly stated to other employees in the workplace "one nigger down, one to go," and further offered Plaintiff's job to a Caucasian applicant, stating "he is white, so he must be OK."

29. Therefore, Plaintiff believes and avers that he was really terminated because of his race and/or gender and/or in retaliation for his complaints of race and/or gender discrimination.

## COUNT I
### Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")
([1] Race and Gender Discrimination; [2] Retaliation)

30. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

31. Plaintiff was subjected to significant sexual and racial discrimination and harassment during his employment, which he complained about to Defendants' management and/or HR department.

32. Defendants failed to properly investigate Plaintiff's complaints and instead terminated him in extremely close proximity to the same for reasons that were entirely pretextual.

33. As a result, Plaintiff believes and avers that he was terminated because of his race, gender, and his aforementioned complaints of race and gender discrimination.

34. These actions as aforesaid constitute unlawful discrimination and retaliation under Title VII.

## COUNT II
### Violations of 42 U.S.C. Section 1981
([1] Race Discrimination; [2] Retaliation;)

35. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

36. Plaintiff was subjected to significant racial discrimination and harassment during his employment, which he complained about to Defendants' management and/or HR department.

37. Defendants failed to properly investigate Plaintiff's complaints and instead terminated him in extremely close proximity to the same for reasons that were entirely pretextual.

38. As a result, Plaintiff believes and avers that he was terminated because of his race and his aforementioned complaints of race discrimination.

39. These actions as aforesaid constitute unlawful discrimination and retaliation under Section 1981.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C. Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation)

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law; and

F. Plaintiff's claims are to receive trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

                            Respectfully submitted,

                            **KARPF, KARPF & CERUTTI, P.C.**

By:                           */s/*                        
                            Ari R. Karpf, Esq.
                            Timothy S. Seiler, Esq.
                            3331 Street Rd.
                            Two Greenwood Square, Suite 128
                            Bensalem, PA 19020
                            (215) 639-0801

Dated:  November 15, 2021

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Dontaivious Hubert | : | CIVIL ACTION |
| v. | : | |
| U.S. Facilities, Inc., et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

| | | |
|---|---|---|
| 11/15/2021 | _[signature]_ | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 6924 Clinton Road, Upper Darby, PA 19082

Address of Defendant: 30 North 41st Street, Suite 400, Philadelphia, PA 19104; 50 South 16th Street, Suite 3000, Philadelphia, PA 19102

Place of Accident, Incident or Transaction: Defendants place of business

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 11/15/2021          *Attorney-at-Law / Pro Se Plaintiff*          ARK2484 / 91538
                                                                                                                                                *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
   *(Please specify): _____*

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify):* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
   *(Please specify): _____*

---

### ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 11/15/2021          *Attorney-at-Law / Pro Se Plaintiff*          ARK2484 / 91538
                                                                                                                                                *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
HUBERT, DONTAIVIOUS

**(b)** County of Residence of First Listed Plaintiff: Delaware
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS
U.S. FACILITIES, INC., ET AL.

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability |  |  | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander / 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  | **PROPERTY RIGHTS** | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment |  |  | 820 Copyrights | 430 Banks and Banking |
| 151 Medicare Act | 330 Federal Employers' Liability |  | 830 Patent | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 340 Marine / 368 Asbestos Personal Injury Product Liability |  | 835 Patent - Abbreviated New Drug Application | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 345 Marine Product Liability |  | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
|  | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | 480 Consumer Credit |
| 160 Stockholders' Suits | 350 Motor Vehicle / 370 Other Fraud | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 190 Other Contract | 355 Motor Vehicle Product Liability / 371 Truth in Lending | 720 Labor/Management Relations | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| 195 Contract Product Liability | 360 Other Personal Injury / 380 Other Personal Property Damage |  | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| 196 Franchise |  | 740 Railway Labor Act | 864 SSID Title XVI | 891 Agricultural Acts |
|  | 362 Personal Injury - Medical Malpractice / 385 Property Damage Product Liability | 751 Family and Medical Leave Act | 865 RSI (405(g)) | 893 Environmental Matters |
|  |  |  |  | 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | 790 Other Labor Litigation | **FEDERAL TAX SUITS** | 896 Arbitration |
| 210 Land Condemnation | 440 Other Civil Rights / **Habeas Corpus:** | 791 Employee Retirement Income Security Act | 870 Taxes (U.S. Plaintiff or Defendant) | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 220 Foreclosure | 441 Voting / 463 Alien Detainee |  | 871 IRS—Third Party 26 USC 7609 |  |
| 230 Rent Lease & Ejectment | X 442 Employment / 510 Motions to Vacate Sentence |  |  |  |
| 240 Torts to Land | 443 Housing/ Accommodations / 530 General |  |  | 950 Constitutionality of State Statutes |
| 245 Tort Product Liability |  | 535 Death Penalty | **IMMIGRATION** |  |
| 290 All Other Real Property | 445 Amer. w/Disabilities - Employment / **Other:** | 462 Naturalization Application |  |  |
|  | 446 Amer. w/Disabilities - Other / 540 Mandamus & Other | 465 Other Immigration Actions |  |  |
|  | 448 Education / 550 Civil Rights |  |  |  |
|  | 555 Prison Condition |  |  |  |
|  | 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII (42USC2000); Section 1981 (42USC1981)

Brief description of cause:
Violations of Title VII, Section 1981 and the PHRA.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 11/15/2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE